THE WASHINGTON TRUST Co., Trustee *vs.* CHATHAM PHENIX NATIONAL BANK, JENNIE COOPER DWIGHT, Executors *et al.*

OCTOBER 23, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is a bill in equity for the construction of and instructions with respect to a will, which has been certified to this court pursuant to G. L. 1923, C. 339, s. 35.

Sarah A. Pierce, a resident of Westerly, died in 1881 leaving a last will and testament which was duly probated. By the eighth clause of her will she devised and bequeathed in trust to her brothers, Edwin and Horace, all the real and personal estate which she owned and possessed on July 1, 1872, to pay from the rents and income thereof to her sister-in-law, Caroline A. Pierce, $250 a year during the term of her life and, after payment of said sum and the taxes and expense of insurance and repairs, to pay to her son John Leverett Pierce the residue and remainder of the income from said trust estate each and every year during the term of his natural life; and after the death of said son John "to convey the same to the surviving child or children of said John Leverett Pierce, if any there be, the same to be to them, their heirs and assigns forever." By the ninth clause the testatrix gave to her son John all her real and personal property which she acquired after July 1, 1872. Caroline A. Pierce died in 1885. John Leverett Pierce died childless, and without descendants, June 19, 1929. His last will and testament was duly admitted to probate and two of the respondents, the Chatham Phenix National Bank and Jennie Cooper Dwight, are the executors of his will. These executors claim the entire trust estate; the other respondents are the kindred of Sarah A. Pierce.

The trustee alleges in the bill of complaint that some respondents claim the trust estate now belongs to the kindred of Sarah A. Pierce at the time of her death, excluding

John Leverett Pierce; that others claim it belongs to her kindred living at the time of the death of John.

The sole heir at law of Sarah A. Pierce at her death was her son, John Leverett Pierce.

The trustee asks for a construction of the eighth clause of the will and instructions for the disposal of the trust estate.

Decrees *pro confesso* have been entered against all the respondents except the executors of the estate of John.

The question with respect to the eighth clause of the will presents no new question of law. *Wood* v. *Mason*, 17 R. I. 99, is a decisive and controlling precedent. In that case the testator by his will devised and bequeathed all his real and personal estate to his wife for life, with remainder to his children if he should have any. The testator died never having had any children and his widow, who married again, died without children or descendants. It was held that the contingency that happened, — namely, that the testator never had any children,—was one for which no provision had been made in the will and as a consequence the limitation over did not take effect; that the failure of the proposed gift to the children left an intestacy as to the remainder after the widow's life estate. This intestate estate was ordered to be distributed in accordance with the provisions of the statute of descent and distribution of intestate estates and the widow's share thereof was ordered to be paid to her estate. To the argument then made and now referred to in this bill of complaint,—that it could not reasonably be inferred that it was the intention of the testator after giving his estate to his wife for life only, that she or her estate should have any part of it absolutely,—the court answered that the intention of the testator governs only so far as it is expressed by the will. If the testator has left intestate estate, the disposition of such estate is determined by the statute of descent and distribution of intestate estates and not by the will.

In the case at bar the testatrix made no provision for the disposition of her estate in the event that her son John died

without leaving any children. The part of the estate devised and bequeathed under the eighth clause of the will thus became at the death of John intestate estate, the disposition of which is governed by the statute of descent and distribution.

We instruct the complainant that the principal of the trust estate under the provisions of the eighth clause of the will of Sarah A. Pierce and the income thereof which has accumulated since the death of her son John is distributable to the executors of the estate of John Leverett Pierce.

The cause is remanded to the Superior Court with direction to enter a decree in accordance with this opinion.

*Edward M. Burke,* for complainant.
*Samuel H. Davis,* for respondents.